UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAROME DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>M.E. SPEARMAN, Warden,<br><br>    Respondent. | Case No. 18-cv-01639 NC (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has paid the filing fee. For the reasons that follow, the court orders Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was sentenced to a term of 21 years after pleading no contest to voluntary manslaughter with the use of a firearm in Alameda

---

[1] Petitioner has consented to magistrate judge jurisdiction. Dkt. No. 3.

Case No. 18-cv-01639 NC (PR)
ORDER TO SHOW CAUSE

1

County Superior Court. Petitioner did not file a direct appeal. Petitioner did, however, filed unsuccessful state habeas petitions in the Superior Court, the California Court of Appeals, and the California Supreme Court. Petitioner filed the instant federal petition on March 15, 2018.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claims

Petitioner claims that: (1) Petitioner's sentence violates *Cunningham v. California*, 549 U.S. 270 (2007); (2) Petitioner's sentence was unauthorized; and (3) counsel rendered ineffective assistance. The court orders Respondent to show cause why the petition should not be granted as to these claims.

## CONCLUSION

For the foregoing reasons:

1. The Clerk of the Court is directed to serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on

Case No. 18-cv-01639 NC (PR)
ORDER TO SHOW CAUSE

2

Respondent and Respondent's attorney, the Attorney General of the State of California. Respondent shall file his Magistrate Judge jurisdiction consent form no later than **thirty (30) days** from the filing date of this Order.

2. Respondent is directed to file with the court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent must file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60)** days, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent must file with the court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Case No. 18-cv-01639 NC (PR)
ORDER TO SHOW CAUSE

3

IT IS SO ORDERED.

DATED: May 9, 2018

NATHANAEL M. COUSINS
United States Magistrate Judge

Case No. 18-cv-01639 NC (PR)
ORDER TO SHOW CAUSE

4