UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAROME DAVIS,<br>Petitioner,<br>v.<br>M. E. SPEARMAN, Warden,<br>Respondent. | Case No. 18-cv-01639-JST (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: ECF No. 9 |

Petitioner, an inmate at High Desert State Prison, has filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely and as procedurally defaulted. Petitioner has filed an opposition, and respondent has filed a reply.

## I. BACKGROUND

In 2010, in Alameda County Superior Court, Petitioner was convicted by plea of voluntary manslaughter and admitted that he personally used a firearm in the commission of the offense. ECF No 1 at 1, 65. On August 2, 2010, he was sentenced to 11 years for the manslaughter conviction and an additional 10 years for the firearm enhancement. *Id.* Petitioner did not appeal. *Id.* at 3.

On May 24, 2017, Petitioner filed a petition for writ of habeas corpus with the Alameda County Superior Court. On June 7, 2017, the Superior Court denied his petition as untimely and on the merits. ECF No. 1 at 66-67. Petitioner then filed a habeas petition with the state appellate court, which was denied on August 28, 2017 "for the reasons set forth in the superior court's June

7, 2017, order." *Id.* at 69. On October 25, 2017, the California Supreme Court denied review. *Id.* at 71. On November 13, 2017, Petitioner filed a second habeas petition in the California Supreme Court. ECF No. 9 at 8. On January 31, 2018, the California Supreme Court denied the petition as untimely and repetitive. *Id.* at 84.

Petitioner then filed this action, seeking a writ of habeas corpus. The petition has a signature date of March 8, 2018 and was stamped "filed" at the Court on March 18, 2018. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume he gave the petition to prison officials for mailing on the date he signed it, i.e., March 8, 2018, and deem the federal petition filed as of that date.

On May 9, 2018, the Court issued an Order to Show Cause, finding that the petition raised three claims: "(1) Petitioner's sentence violates *Cunningham v. California*, 549 U.S. 270 (2007); (2) Petitioner's sentence was unauthorized; and (3) counsel rendered ineffective assistance." ECF No. 5.

## II. DISCUSSION

### A. Statute of Limitations

As a general rule, petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). If a petitioner could have sought review by the state court of appeal or the state supreme court, but did not, the limitations period will begin running against him the day after the date on which the time to seek such review expired. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Here, Petitioner's conviction became final on October 1, 2010, sixty days after his sentencing on August 2, 2010. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.104(a)(1). Thus, petitioner had until October 3,

2

2011[1] to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's instant petition, filed over six years later on March 8, 2018, is therefore untimely, absent tolling.

### 1. Statutory Tolling

Section 2244(d)(2) provides for tolling of the one-year statute of limitations for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, Petitioner has filed habeas petitions in state court.

However, a state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). In other words, Section 2244(d)(2) cannot "revive" the limitations period once it has run (i.e., restart the clock to zero); it can only serve to pause a clock that has not yet fully run. *See, e.g.*, *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

Petitioner's first state habeas petition was filed on May 24, 2017, over five years after the limitations period expired. Petitioner is therefore not entitled to statutory tolling of the limitations period under Section 2244(d)(2).

### 2. Equitable Tolling

The Supreme Court has determined that AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal quotation marks omitted); *accord Miles v. Prunty*, 187 F.3d

---

[1] Because October 2, 2011 fell on a Sunday, the Court uses October 3, 2011 as the statute of limitations deadline.

3

1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 560 U.S. at 653.

Petitioner bears the burden of showing that "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Petitioner claims that he "did not become aware of [the] legal and factual bases for his claims until 2017, after 7 years of diligent researching." ECF No. 10 at 3. This bare assertion, without more, falls far short of showing either diligence or extraordinary circumstances. Petitioner presents no evidence that anything stood in the way of his filing a timely petition. Given Petitioner's lack of specificity and his failure to come forward with evidence in support of his contention, the Court cannot conclude that Petitioner has carried his burden of establishing that "extraordinary circumstances" existed which might justify equitable tolling of the AEDPA statute of limitations for over six years in this case. *See Spitsyn*, 345 F.3d at 799. Petitioner is therefore not entitled to equitable tolling of the limitations period.

### 3. Miscarriage of Justice

Finally, Petitioner argues that failure to consider the claims will result in "a fundamental miscarriage of justice." ECF No. 10 at 4. The United States Supreme Court has held that a federal court may hear untimely claims if the failure to hear the claims would constitute a "miscarriage of justice." *See McQuiggin v. Perkins*, 569 U.S. 383, 392-93 (2013) (holding that miscarriage of justice (actual innocence) showing applies to claims filed after the AEDPA statute of limitations has run, as well as to successive, abusive and procedurally defaulted claims); *Lee v. Lampert*, 653

4

F.3d 929, 931 (9th Cir. 2011) (en banc). By the traditional understanding of habeas corpus, a "miscarriage of justice" occurs whenever a conviction or sentence is secured in violation of a constitutional right. *See Smith v. Murray*, 477 U.S. 527, 543-44 (1986). However, the Supreme Court limits the miscarriage of justice exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)); *see Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) ("[t]he miscarriage of justice exception is limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt") (emphasis in original).

Under this "equitable exception," a petitioner "may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits." *Lee*, 653 F.3d at 932. In order to do so, "a petitioner must produce sufficient proof of his actual innocence to bring him "within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup*, 513 U.S. at 314-15 (omission in original) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). The evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id*. at 316. A petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. This exacting standard "permits review only in the 'extraordinary' case," but it "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). A petitioner must support his claims "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence— that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner is not entitled to the "actual innocence" exception set forth in *Schlup* because he has failed to provide any evidence of actual innocence. Indeed, as noted above, petitioner pled no contest to the charges in state court and challenges only the legality of his sentence. S*ee Knowles*, 541 F.3d at 936-37 (holding miscarriage of justice exception did not apply where petitioner conceded his guilt but argued evidence of state's and attorney's misconduct resulted in his being

5

held in prison longer than he should have been).

In sum, petitioner has failed to show that the claims in his federal petition are timely, or that he qualifies under any exception to AEDPA's statute of limitations. Accordingly, the petition will be dismissed as untimely.[2]

## B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the petition as untimely is GRANTED and the petition is DISMISSED. A certificate of appealability is DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_____
JON S. TIGAR
United States District Judge

---

[2] Because the Court dismisses the petition as untimely, it need not address Respondent's alternative argument that the petition is also procedurally defaulted.

6